IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| RIG WORKS, INC.<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 7:21-cv-00093 |
| GREAT AMERICAN INSURANCE<br>AGENCY, INC.<br>    *Defendant.* | §<br>§<br>§<br>§ | |

### DEFENDANT GREAT AMERICAN INSURANCE COMPANY'S
### <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF THIS COURT:

GREAT AMERICAN INSURANCE COMPANY (incorrectly sued as Great American Insurance Agency, Inc.) (hereinafter "Great American"), Defendant in the above styled and numbered cause, files this, its Notice of Removal, and would show the Court as follows:

1.  Great American has been sued in a civil action styled Cause No. B-21-04-0459-CV; *Rig Works, Inc. v. Great American Insurance Agency, Inc.*; in the 161st District Court of Ector County, Texas (hereafter referred to as "the state court action"). The original petition in the state court action was filed April 26, 2021. On April 30, 2021, Great American received citation and a copy of the petition. This Notice is filed with thirty (30) days of receipt of service pursuant to 28 U.S.C. §1446(b)(2).

2.  Great American files this notice of removal pursuant to the provisions of 28 U.S.C. §1441, *et. seq.*, to remove this action from the District Court of Ector County, Texas to the United States District Court for the Western District of Texas, Midland-Odessa Division.

3.  Plaintiff, in its original petition, alleges that Defendant Great American wrongfully denied or delayed payment for claims for damage to a structure allegedly resulting from a covered

cause of loss that is insured by Great American, thereby breaching the policy of insurance issued by Great American to Plaintiff. Plaintiff also alleges that Defendant Great American violated Chapters 541 and 543[1] of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Plaintiff further alleges that Great American's actions in investigating and delaying or denying Plaintiff's claim for insurance benefits constituted a violation of the common law duty of good faith and fair dealing and that Great American committed fraud.

4. This Court has original jurisdiction over this civil action under the provisions of 28 U.S.C. §1332. Plaintiff is a citizen of the state of Texas. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. *See Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). Therefore, for purposes of diversity, Great American is a citizen of Ohio.

5. Based on the information contained within Plaintiff's original petition filed in State Court, it appears the amount in controversy in this lawsuit is in excess of $75,000, exclusive of interest and costs.

6. Venue is proper in the Midland-Odessa Division of the Northern District of Texas pursuant to 28 U.S.C. § 1441(a), because the same district and division embrace Ector County, the county in which Rig Works, Inc. filed the suit being removed and where such action is pending. 28 U.S.C. § 1441(a); *Burlington N. & Santa Fe Ry. Co. v. Herzog Servs., Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998).

7. In accordance with 28 U.S.C. § 1446(a), the following are attached hereto:

---

[1] Paragraph 36 (Count VI) of Plaintiff's Original Petition is titled "Late Payment of Claims, but alleges violations of Chapter 543 of the Texas Insurance Code "by not timely accepting the claim and by not paying the full value of the claim." Chapter 543 is not the Prompt Payment of Claims Act and is inapplicable to the subject matter of this action.

2

- Exhibit A: Index of Matters Being Filed;
- Exhibit B: A copy of the Citation as to Great American Insurance Company;
- Exhibit C: Plaintiff's Original Petition;
- Exhibit D: Defendant Great American Insurance Company's Original Answer;
- Exhibit E: The state court's Docket Sheet;
- Exhibit F: List of all Parties and Counsel of record; and
- Exhibit G: Defendant Great American Insurance Company's Consent to Removal of Case to Federal Court.

8. The citation and petition in this action were served on Great American on April 30, 2021 by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. This notice of removal is being filed within one year of the date this action commenced.

9. In accordance with 28 U.S.C. §1446(d), written notice of the filing of this notice of removal will be promptly served upon all adverse parties, and a copy of this notice of removal promptly will be filed with the Clerk of the 161st District Court of Ector County, Texas.

Defendant Great American Insurance Company respectfully requests that this action be removed to this Court and that this Court accept jurisdiction of this action and place this action on the docket of this Court for further proceedings as though the action originally had been instituted in this Court.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD, LLP

By: _____
    J. Chad Gauntt
    State Bar No. 07765990
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:    281-367-6555
Facsimile:    281-367-3705
Email: chad.gauntt@gkbklaw.com
Counsel for Defendant,
Great American Insurance Company

## CERTIFICATE OF SERVICE

This pleading was served in compliance with Rule 5 Federal Rules of Civil Procedure on May 20, 2021 via facsimile, first class regular mail, certified mail, return receipt requested and/or electronically.

Alex E. Reynolds (SBN: 24116955)
Murray A. Crutcher (SBN: 24028169)
Atkins, Holman, Jones, Peacock, Lewis & Lyon, Inc.
3800 E. 42nd St., Suite 500
Odessa, TX 79762
Email: areynolds@odessalawfirm.com
       tcrutcher@odessalawfirm.com
*Counsel for Plaintiff*

_____
J. Chad Gauntt